IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHERINE MCGRUE

               Plaintiff,

v.                                  1:10-cv-1678-WSD

SAXON MORTGAGE SERVICES,
et al.,

               Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant Saxon Mortgage Services, Inc.'s Motion to Dismiss [4].

**I.    BACKGROUND**

On October 2, 2009, Plaintiff Katherine McGrue ("Plaintiff") filed a complaint ("2009 Compl.") against Defendant Saxon Mortgage Services, Inc. ("Defendant") in the district court, alleging that Defendant defrauded Plaintiff, breached its fiduciary duty, engaged in civil conspiracy, and violated the Home Ownership Equity Protection Act, the Real Estate Settlement Procedures Act, the Truth-in-Lending Act, and the Fair Credit Reporting Act.  (2009 Compl.¶¶ 3-52, 54-64, 66-68, 70-73, 75-78, 80-85, 87-90, 92-95, 97-101, 103-107.)  Plaintiff

supported these allegations by contending that Defendant did not have a legal interest in her property.

In November of 2009, Plaintiff's attorney moved to withdraw as counsel. On November 25, 2009, the district court granted his motion and ordered Plaintiff to inform the district court whether she would be representing herself. Plaintiff failed to follow the district court's Order, and the Court warned Plaintiff that her action could be dismissed for noncompliance. Plaintiff continued to ignore the Order. On February 2, 2010, Magistrate Judge Alan J. Baverman issued a Final Report and Recommendation ("R&R"), recommending that Plaintiff's claims be dismissed for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. (R&R at 6.) On March 25, 2010, Judge Willis B. Hunt adopted the Magistrate Judge's R&R.

On June 1, 2010, Plaintiff, proceeding *pro* se, filed a complaint in this Court, seeking relief from unlawful foreclosure. Plaintiff alleges that Defendant violated the Securities Investor Protector Act, the National Currency Act, the Truth-in-Lending Act, the Real Estate Settlement Procedure Act, the Single Family Mortgage Foreclosure Act, the Securities Act of 1933, the Securities Act of 1934, the Civil Liability Act of 1978 for Contribution, Reimbursement, and Restitution, and the Merchant Marine Act of 1936. (Compl. ¶¶ 4, 11.) Plaintiff's claims are

based upon the single allegation that Defendant does not have a legal interest in Plaintiff's property.  (Compl. ¶¶ 5, 7-10, 14, 16-17, 20-22, 24-25, 30-35.)

On June 7, 2010, Defendant filed a Motion to Dismiss, arguing that Plaintiff is barred from bringing her claims, under the doctrine of *res judicata*.  Defendant contends that Plaintiff's suit from October 2, 2009, involved an attempt to litigate "the exact same issues on the exact same piece of property" that is now before the Court.  (Mot. to Dismiss ¶¶ 2-5.)  Plaintiff has not responded to the Motion, and so the Motion is deemed unopposed.  LR 7.1B, NDGa.

## II.  DISCUSSION

Claims are precluded by the doctrine of *res judicata* "when (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) 'both cases . . . involve the same causes of action.'"  Borrero v. United Healthcare of New York, Inc., 2010 WL 2652456 at *9 (11th Cir. July 6, 2010) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)).

Federal courts have jurisdiction to hear claims brought under federal statutes.  28 U.S.C. § 1331.  Plaintiff's prior claims alleged violations of federal statutes, and so the district court had competent jurisdiction over her first action.  The first element of *res judicata* is satisfied.

Dismissal under Rule 41(b) of the Federal Rules of Civil Procedure "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); see also Saylor v. Lindsley 391 F.2d 965, 968 (2nd Cir. 1968) ("[A]n involuntary dismissal for failure to prosecute . . . shall operate as an 'adjudication upon the merits,' although substantive issues of the case are never reached."). If plaintiff does not appeal the 41(b) dismissal within thirty days, the judgment is considered final. Fed. R. App. P. 4(a)(1)(A); see also Tart v. Northwest Cmty. Hosp., 453 F.3d 817, 822 (7th Cir. 2006) ("Because [Plaintiff] did not appeal the dismissal of the . . . action within 30 days, the entry of judgment pursuant to . . . 41(b) . . . amount to a final judgment on the merits for res judicata purposes."). The district court dismissed Plaintiff's claims for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff did not appeal the dismissal within thirty days, and the dismissal operates as a final judgment on the merits. The second element of *res judicata* is satisfied.

The two actions involve the same parties. The third element of *res judicata* is satisfied.

Two cases "involve the same causes of action" when there is "commonality in the 'nucleus of operative facts' of the actions." Borrero, 2010 WL 2652456 at *11 (quoting Adams v. S. Farm Bureau Life Ins. Co., 493 F.3d 1276, 1290 (11th

Cir. 2007)).  The causes of action are not required to be identical in both cases, so long as there is the same "nucleus of operative facts" between the two cases. Adams, 493 F.3d at 1290.  In order to make this determination, the Court "line[s] up the former and current cases side-by-side to assess their factual similarities." Borrero, 2010 WL 2652456 at *11; see also Isr. Disc. Bank Ltd. v. Entin, 951 F.2d 311, 315 (11th Cir. 1992) (holding that "a court must compare the substance of the actions, not their form" (citing I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986))).

Both of plaintiff's actions are based on the same allegation, that Defendant has no legal interest in her property.[1] The property in question is the same in both actions.  That Plaintiffs now brings her current action based on foreclosure does not change the underlying nucleus of operative facts that is in common with her first action.  Adams, 493 F.3d at 1290.  Under Borrero and Adams, the Court necessarily finds that there is a common nucleus of operative facts between the two

---

[1] For instance, in her first action Plaintiff alleges that "the Loan Seller, mortgage broker, appraiser, loan originator, title agent, escrow agent and Grantor on the Security Deed, had no financial stake . . . in the transaction."  In her current action, Plaintiff alleges that "Defendant . . . has failed to demonstrate that it . . . is the party with the true ownership interest in the Mortgage . . . . Defendants . . . are not the owners/holders of the original wet ink signature note . . . . Defendant . . . is not the owner or holder of the mortgage or note . . . . Defendant . . . has no legal standing to institute or maintain a foreclosure of the Property . . . . Defendant . . . has provided no evidence that it has full legal interest in and title to the Mortgage . . . ."

actions. The fourth element of *res judicata* is satisfied, and Defendant's Motion to Dismiss is required to be granted.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Saxon Mortgage Services, Inc.'s Motion to Dismiss [4] is **GRANTED**.

**SO ORDERED** this 16th day of July, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE